UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINUS CHICOZE-EZECHI,<br><br>      Petitioner,<br><br> v.<br><br>KRISTI NOEM, et al.,<br><br>      Respondent. | CASE NO. 2:26-cv-00145-BAT<br><br>**ORDER GRANTING HABEAS PETITION AND DIRECTING RELEASE** |

  Immigration detainee Linus Chicoze-Ezechi petitions the Court for an order (1) immediately releasing him from detention; (2) enjoining Respondents from redetaining him without first providing notice and a hearing in which Respondents bear the burden to show he is a flight risk or danger to the community; (3) enjoining Respondents from placing a GPS monitor on Petitioner upon release; (4) declaring redetention while removal proceedings are ongoing violate due process; and (5) awarding attorney fees and costs. Dkt. 1 (petition).

  The Court **GRANTS** the petition as follows.

  1. Respondents first argue relief should be denied because Petitioner is mandatorily detained under 8 U.S.C. § 1225. Dkt. 5. Persons detained under § 1225 may only be released under the agency's parole authority. 8 U.S.C. § 1182(d)(5)(A). Petitioner was released on an "Order of Recognizance (OREC)." *See* Dkt. 6 (Declaration of Deportation Officer). Release

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 1

1  under an OREC is authorized under § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*,

2  501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must

3  necessarily have been detained and released under § 1226). That Petitioner was detained and

4  released under § 1226 is reaffirmed by the Notice to Appear that Respondents issued which

5  states "You are an alien present in the United States who had not been admitted or paroled." Dkt.

6  7 (Exhibit A). The Court thus finds § 1226 governs Petitioner's detention, and he is not subject

7  to mandatory detention under § 1225.

8      2.    Respondent next argue Petitioner was redetained because he "failed three virtual

9  home visits in 2025" "in violation of ATD (Alternatives to Detention Program) and his release

10  on OREC." Dkt. 6. Applying *E.A. T.B*, 795 F.Supp.3d 1316 (W.D. Wash. 2025) the Court finds

11  Petitioner possesses due process protections and reviews Respondents' decisions and actions to

12  deprive Petitioner of his liberty interests under the factors set forth in *Mathews*: The private

13  interest affected by the official action; the risk of erroneous deprivation of such interest through

14  the procedures used, and the probable value of additional or substitute procedural safeguards;

15  and the Government's interest, including the function involved and the fiscal and administrative

16  burdens that the additional or substitute procedural requirement would entail. *See Mathews v.*

17  *Eldridge,* 424 U.S. 319, 335 (1976).

18      3.    Regarding the first factor, Respondents argue Petitioner's "weighty liberty

19  interest" is greatly diminished because he is a noncitizen in immigration proceedings. The Court

20  rejects this notion. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at

21  the core of the liberty protected by the Due Process Clause from arbitrary governmental action)

22  *see also Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all

23  "persons" within the United States, including noncitizens, whether their presence here is lawful,

unlawful, temporary, or permanent."). The first factor weighs in Petitioner's favor.

4. Respondents next argue because Petitioner is detained under § 1225, they may redetain him at any time and whether he poses a danger or a risk of flight is therefore "futile." Dkt. at 67. The argument fails. Petitioner is detained under § 1226, not § 1225. Moreover, Respondent's suggestion Petitioner's redetention is proper because he "failed three virtual home visits in 2025" "in violation of ATD (Alternatives to Detention Program) and his release on OREC" is not supported by any evidence. Dkt. 6. Rather, Respondents proffer a conclusory statement, which is tantamount to the simply asserting Petitioner violated conditions of release. Respondent submitted exhibits in support of their response; the exhibits exclude any documentation regarding the ATD program or the conditions of release under the program. *See* Dkt. 7. Respondent did submit a copy of the OREC, and this order does not reference ATD or virtual visits as a condition of release. Further there is no evidence Petitioner committed criminal acts after he was admitted into the country, or absconded immigration supervision. To the contrary he was granted permission to work in the county. The Court finds the second *Mathews* factor weighs in favor of Petitioner.

And lastly the Court finds Respondents' interest in civil detention without a hearing is low. *See E.A. T.B*, 795 F.Supp.3d at 1323-24 citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and all of the *Mathews* factors weigh in his favor. The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an

1  erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*,
2  No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-
3  Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was
4  released at that point, he will have already suffered the harm that is the subject of his motion:
5  that is, his potentially erroneous detention."). The Court accordingly finds Petitioner should be
6  immediately released. *See E.A. T.B*, 795 F.Supp.3d at 1324.

   5. The parties disagree whether Respondent must provide predetention notice and a hearing before Petitioner can ever again be redetained. Respondent correctly contends Petitioner's request sweeps too broadly, as Petitioner would be subject to mandatory detention if he committed certain crimes. But Respondent is incorrect this means the Court should dispense with predetention notice and a hearing. Obviously, the specific circumstances of Petitioner's redetention drive what process is due. Thus, the Court finds Respondents shall provide predetention notice and a hearing **unless** detention is statutorily mandatory.

   6. Petitioner asks the Court to find redetention automatically and always violates due process while removal proceedings are ongoing. But, as discussed above, a material change in circumstances could arise that justify Petitioner's redetention, and thus the Court rejects Petitioner's request.

   7. The parties disagree on the burden of proof at any redetention hearing, and whether Petitioner must wear a GPS ankle monitor as a condition of release. The Court finds Respondents shall bear the burden to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community at any subsequent redetention hearing. *See Pinchi v. Noem,* 792 F.Supp.3d 1012, 1038 (N.D. Cal. July 24, 2025) (Holding Petitioner may not be detained unless the government demonstrates at a bond hearing, by clear and convincing

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 4

evidence, she is a flight risk or a danger to the community and that no conditions other than her detention would be sufficient to prevent such harms.).

8. The Court also finds Petitioner shall be released without GPS monitoring. Petitioner was previously released without being placed on GPS monitoring. There is no evidence he poses either a risk to flee or a danger to the community. Thus, the imposition of GPS monitoring as a condition of release would be impermissibly arbitrary at this point. *See Palacio v. Hermosillo,* No. C25-1983-RSM-MLP, 2025 WL 4033287, at *3 (W.D. Wash. Dec. 22, 2025), report and recommendation adopted sub nom. *Quiva Palacio v. Wamsley,* No. C25-1983-RSM-MLP, 2026 WL 84930 (W.D. Wash. Jan. 12, 2026). Respondent contends *Quiva Palacio* is inapplicable because GPS monitoring is not a "live controversy." A habeas petition continues to present a live controversy if after release, there remains collateral consequences which may be redressed by success on the petition. *Abdala v. I.N.S.*, 488 F.2d. 10161, 1064 (9th Cir. 2007). Petitioner's writ requests the Court order his release and to order Respondents not to place a GPS monitor "upon his release absent clear and convincing evidence that Petitioner is a flight risk, a danger to the community and that no other alternatives would mitigate those risks."

The Court thus finds the placement of a GPS monitor is a live controversy and arbitrary placement of monitoring would violate due process.

9. Accordingly, the Court **ORDERS**:

a. Respondents shall immediately release Petitioner from immigration detention within 1 (one) working day from the date of this order. Respondents shall file a certification within 2 (two) working days that Petitioner has been released.

b. Petitioner shall be released without imposition of GPS monitor. If Petitioner is redetained and conditions of release are set Respondents bear the burden by clear and convincing

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 5

1  evidence that the monitor is needed because Petitioner is a danger to the community or a flight

2  risk.

3     c.    Respondents shall provide Petitioner with written predetention notice and an

4  afford him a hearing **unless** detention is statutorily mandatory.

5     d.    At any redetention hearing, Respondents shall bear the burden to show by clear

6  and convincing evidence that Petitioner is a flight risk or a danger to the community.

7     e.    The Court will entertain a motion for attorney fees and costs. Any motion for fees

8  and costs shall be filed by March 2, 2026 and shall be noted under Local Rule 7(d)(3).

    DATED this 2nd day of February, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION
AND DIRECTING RELEASE - 6